UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRIAN ROBERTSON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02437-JMS-DLP |
| | ) | |
| CHOICE HOTELS INTERNATIONAL, INC. | ) | |
| D/B/A ECONO LODGE INN AND SUITES, | ) | |
| | ) | |
| *Defendant*. | ) | |

**<u>ORDER</u>**

Presently before the Court is a Motion to Dismiss for Lack of Prosecution filed by Defendant Choice Hotels International, Inc., doing business as Econo Lodge Inn and Suites ("<u>Econo Lodge</u>").  [Filing No. 27].  Additionally and separately, Magistrate Judge Doris L. Pryor has submitted a Report and Recommendation which recommends that Plaintiff Brian Robertson's Complaint be dismissed without prejudice.  [Filing No. 30.]  Mr. Robertson has objected to dismissal, [Filing No. 35], and Econo Lodge has objected to the recommendation that the dismissal be without prejudice, [Filing No. 31].  Econo Lodge's motion and Mr. Robertson's Objection to Dismissal are now ripe for the Court's review.

**I.**
**BACKGROUND**

This is a premises liability case that was initially filed in the Bartholomew County Superior Court and concerns allegations that Mr. Robertson "was struck by a used, dirty needle left in his room" while he was a guest at an Econo Lodge in Columbus, Indiana.  [Filing No. 1-1 at 3.]  At the time that Mr. Robertson initiated this case, he was represented by counsel Ryan Etter.  [Filing

1

No. 1-1 at 4.] Econo Lodge subsequently removed the case to this Court pursuant to 28 U.S.C. § 1332. [Filing No. 1.]

Following removal, Mr. Robertson continued to be represented by Mr. Etter until Mr. Etter filed a Motion for Leave to Withdraw Attorney Appearance in December 2021. [Filing No. 13; Filing No. 17; Filing No. 18.] As part of his motion, Mr. Etter notified the Court that Mr. Robertson's current address was: 1441 West 700 South, Columbus, Indiana 47201. [Filing No. 18 at 1.] The Court subsequently granted Mr. Etter's motion and updated the docket to reflect Mr. Robertson's address as provided by Mr. Etter. [Filing No. 19.] Consistent with the information that Mr. Etter provided, the Court utilized this address to send notifications to Mr. Robertson. [Filing No. 24; Filing No. 25; Filing No. 26.] Since Mr. Etter's withdrawal, Mr. Robertson has been proceeding *pro se*. [*See* Filing No. 33.]

On January 13, 2022 and February 9, 2022, Mr. Robertson failed to appear for Telephonic Status Conferences before Magistrate Judge Pryor. [Filing No. 24; Filing No. 25.] The Court reminded Mr. Robertson of "the importance to comply with court orders and appear for all scheduled conferences" and explicitly warned that "Rule 41(b) explains that 'a defendant may move to dismiss the action or any claim against it' where a 'plaintiff fails to prosecute or to comply with . . . a court order.'" [Filing No. 25 (citing Fed. R. Civ. P. 41(b)).] The Court then issued an Order to Show Cause which ordered Mr. Robertson to appear by telephone on March 1, 2022 in order to show cause why he should not be sanctioned for failing to appear for the February 9, 2022 Telephonic Status Conference. [Filing No. 26.]

Econo Lodge subsequently filed a Motion to Dismiss for Lack of Prosecution, [Filing No. 27], and Mr. Robertson failed to appear at the Show Cause Hearing on March 1, 2022, [Filing No. 29]. The following day, Magistrate Judge Pryor submitted a Report and Recommendation which

recommended that Mr. Robertson's Complaint be dismissed without prejudice for failing to comply with the Court's orders.  [Filing No. 30.]  Econo Lodge subsequently filed its Partial Exceptions to the Report and Recommendation, requesting that the Court instead dismiss Mr. Robertson's Complaint with prejudice.  [Filing No. 31.]

On March 17, 2022, Mr. Robertson filed his Objection to Dismissal, wherein he argued that Mr. Etter withdrew his appearance but "failed to notify [him] properly while [he was] incarcerated at the Bartholomew County Jail of his withdraw[al], sending the notice to [his] home address instead of at the Bartholomew County Jail, where [Mr. Etter] was aware that [he] was incarcerated."  [Filing No. 35 at 1.]  The Court subsequently ordered Mr. Etter to respond to Mr. Robertson's allegations.  [Filing No. 36.]  On April 15, 2022, Mr. Etter filed his Response to the Court's Order, wherein he admitted that he was aware of Mr. Robertson's incarceration but he "mistakenly sent his notice and intent to withdraw" to Mr. Robertson's prior address.  [Filing No. 37.]

## II.
### STANDARDS OF REVIEW

### A.  Dismissal for Failure to Prosecute

If a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order, a defendant may move to dismiss the action or any claim against it.  Fed. R. Civ. P. 41(b).  The appropriateness of dismissal "depends on all the circumstance of the case."  *Kasalo v. Harris & Harris, Ltd.,* 656 F.3d 557, 561 (7th Cir. 2011) (citing *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 641–42 (1976), and *Link v. Wabash R. Co.,* 370 U.S. 626, 633 (1962)).  The Seventh Circuit has identified the following factors that courts should consider when determining if dismissal is appropriate:

the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff [himself] or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.

*Kasalo,* 656 F.3d at 561 (citations omitted).

However, the Seventh Circuit has also "urge[d] courts to consider imposing lesser sanctions before dismissing a case for failure to prosecute." *Harris v. Emanuele*, 826 F. App'x 567, 569 (7th Cir. 2020) (citations omitted). Accordingly, "[s]uch dismissals are warranted 'only in extreme situations, where there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.'" *Id.* (quoting *Dunphy v. McKee*, 134 F.3d 1297, 1299–1300 (7th Cir. 1998)).

### B.  Review of the Magistrate Judge's Report and Recommendation

Federal Rule of Civil Procedure 72(b) permits a magistrate judge to "hear . . . pretrial matter[s] dispositive of a claim or defense" and to "enter a recommended disposition." Fed. R. Civ. P. 72(b). Upon timely objection to a report and recommendation on a dispositive issue, the district judge must give a fresh look to "any part of the magistrate judge's disposition that has been properly objected to," and may thereafter "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* As the Seventh Circuit has explained, the *de novo* review required by Rule 72(b) "is not the same as a *de novo* hearing. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) (emphasis and citations omitted). Where appropriate, the district court may "take additional evidence" or conduct additional proceedings, "[b]ut if following a review of the record

the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Id.*

### III.
### DISCUSSION

In support of its motion, Econo Lodge argues that Mr. Robertson has "repeatedly failed to comply with this Court's orders and deadlines, missing multiple telephonic status conferences and not providing [it] with a settlement demand as required by the Case Management Plan." [Filing No. 28 at 3.] Econo Lodge argues that it is "clear that [Mr. Robertson] began ignoring mandated telephonic status conferences and failing [to] meet court-imposed deadlines after electing to proceed *pro se* subsequent to the withdrawal of [Mr. Etter]." [Filing No. 28 at 4 (emphasis removed).] Econo Lodge argues that this conduct has not only been prejudicial to its defense, but it has also had "a direct effect on the Court's calendar and time." [Filing No. 28 at 4-5.] Econo Lodge further argues that Mr. Robertson's failure to "move the suit along" or procure new counsel casts doubt on the likelihood of Mr. Robertson's success on the merits. [Filing No. 28 at 5-6.] Finally, Econo Lodge argues that courts in this Circuit have largely ignored whether a case carries any social significance when other factors outweigh this consideration in favor of dismissal. [Filing No. 28 at 6.] Because *pro se* plaintiffs are "still held to the minimum standard of following the rules of civil procedure and court orders," Econo Lodge argues that the Court should dismiss Mr. Robertson's Complaint regardless of the fact that he "elected to proceed without an attorney." [Filing No. 28 at 6-7.]

As discussed above, Magistrate Judge Pryor recommended that Mr. Robertson's Complaint be dismissed without prejudice due to Mr. Robertson's "failure to comply with the Court's orders." [Filing No. 30 at 1.]

Econo Lodge partially objected to Magistrate Judge Pryor's Report and Recommendation, arguing that Mr. Robertson "has clearly abandoned this action, and should not be given yet another bite at the apple after showing such a pattern of noncompliance with this Court's orders and the civil rules." [Filing No. 31 at 2.] Econo Lodge further argues that "the frequency and magnitude of [Mr. Robertson's] failure to prosecute this action is significant" and that "[s]uch failures are directly attributable to" Mr. Robertson. [Filing No. 31 at 2.] Accordingly, Econo Lodge argues that the circumstances of this case warrant dismissal with prejudice. [Filing No. 31 at 2.]

Mr. Robertson did not specifically respond to Econo Lodge's Motion to Dismiss, but generally objected to dismissal. [Filing No. 35.] As discussed above, both Mr. Robertson and his former counsel Mr. Etter acknowledge that the Court was not given Mr. Robertson's correct address. [Filing No. 35; Filing No. 37.] Accordingly, Mr. Robertson asserts that he was unaware of any of the telephonic status conferences set in this matter. [Filing No. 35 at 1.] Additionally, the Court notes that it is not even clear from the record whether Mr. Robertson was aware that Mr. Etter had withdrawn his appearance in this matter. [*See* Filing No. 18-1 (Mr. Etter's notification of intent to withdraw which was sent to the wrong address).]

Based on the newly discovered information regarding Mr. Robertson's correct contact information, the Court **OVERRULES** Magistrate Judge Pryor's Report and Recommendation, [Filing No. 30], and **DENIES** Econo Lodge's Motion to Dismiss for Lack of Prosecution, [Filing No. 27]. For the sake of clarity, the Court reiterates that Econo Lodge's Motion to Dismiss, Magistrate Judge Pryor's Report and Recommendation, and Econo Lodge's Partial Exception to the Report and Recommendation were each filed prior to the discovery of the notification issues discussed in this Order. [*Compare* Filing No. 28; Filing No. 30; Filing No. 31 *with* Filing No. 35.] The Court notes that the Report and Recommendation was well reasoned and that Magistrate Judge

Pryor's observations regarding Mr. Robertson's repeated failure to appear are well taken. However, the Report and Recommendation was based on an incomplete factual picture.

In light of Mr. Etter's recent admission, the Court does not find these failures are fairly attributable to Mr. Robertson because there is presently no evidence before the Court that Mr. Robertson was aware of any of the deadlines imposed by the Court. Accordingly, the Court does not find that the present case presents such an "extreme" situation that dismissal for lack of prosecution is appropriate at this time. *See Harris,* 826 F. App'x at 569. However, the Court cautions Mr. Robertson that future non-compliance with the Court's orders may result in the dismissal of his case if appropriate.

Finally, the Court reminds Mr. Etter of his ethical obligation to "keep the client reasonably informed" under Ind. Professional Conduct Rule 1.4 and his duty of candor towards the tribunal under Ind. Professional Conduct Rule 3.3. In light of the unnecessary delays and briefing involved in this case, the Court encourages Mr. Etter to re-evaluate his record-keeping practices to avoid wasting the Court's time and resources in the future.

## IV.
## CONCLUSION

For the foregoing reasons,

- The Magistrate Judge's Report And Recommendation To Dismiss Complaint Without Prejudice, [30], is **OVERRULED**; and

- Econo Lodge's Motion to Dismiss for Lack of Prosecution, [27], is **DENIED**.

The Court requests that the Magistrate Judge set this matter for a status conference as soon as practicable.

Date: 5/4/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**

**<u>Distribution via United States Mail to</u>:**
BRIAN ROBERTSON
543 2nd Street
Columbus, IN 47201

RYAN D. ETTER
Ken Nunn Law Office
104 South Franklin Road
Bloomington, IN 47404